# IN THE COURT OF APPEALS OF IOWA

No. 20-1179
Filed March 30, 2022

**MICHELLE LYNNE KEHOE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Buchanan County, David P. Odekirk,
Judge.


    Michelle Kehoe appeals from the order granting summary disposition and
dismissing her application for postconviction relief.  **AFFIRMED.**


    Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for
appellant.

    Thomas  J.  Miller,  Attorney  General,  and  Darrel  Mullins  and
Andrew Prosser, Assistant Attorneys General, for appellee State.


    Considered by May, P.J., Ahlers, J., and Mullins, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**AHLERS, Judge.**

Michelle Kehoe appeals from the district court order granting the State's motion for summary disposition and dismissing her application for postconviction relief (PCR). Kehoe was convicted of first-degree murder, attempted murder, and child endangerment resulting in serious injury in 2009 for slitting the throats of her two children, resulting in the death of her two-year-old and serious injury to her seven-year-old. *State v. Kehoe*, 804 N.W.2d 302, 304 (Iowa Ct. App. 2011). We affirmed her convictions on direct appeal. *Id.* at 305–13. Procedendo on direct appeal issued September 23, 2011.

Kehoe filed her first PCR application on September 18, 2014. After a PCR trial, the district court denied Kehoe's application. We affirmed the denial on appeal. *Kehoe v. State*, No 18-0222, 2019 WL 6893771, at *5–10 (Iowa Ct. App. Dec. 18, 2019). Procedendo on her first PCR action issued January 18, 2020.

Kehoe filed her second PCR application—at issue here—on May 5, 2020. Kehoe alleged her trial and first PCR counsel were ineffective for failing to properly present several arguments. The State moved for summary disposition, which the district court granted. Kehoe appeals. "We normally review postconviction proceedings for errors at law." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

The district court granted summary disposition on multiple grounds, and Kehoe raises all of those grounds on appeal. We find it necessary to only address the statute of limitations. With exceptions not present here, a PCR application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2020). Kehoe appealed her conviction and filed her current PCR

application more than eight years after procedendo issued on her appeal, well outside the three-year statute of limitations.

Nevertheless, Kehoe maintains her current PCR application is timely under *Allison v. State*, which held:

> where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

914 N.W.2d 866, 891 (Iowa 2018).  Kehoe asserts that because her successive PCR application alleges ineffective assistance of her first PCR counsel and was filed promptly after the conclusion of her timely first PCR action, her current application is also timely.  Kehoe acknowledges the legislature enacted Senate File 589 while her first PCR action was pending and before she filed her successive PCR application.  *See* 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3).  Senate File 589 prohibits a claim that prior counsel was ineffective from relating back to a prior PCR application to satisfy the statute of limitations.  *See* 2019 Iowa Acts ch. 140, § 34; *Greenup v. State*, 966 N.W.2d 292, 296 (Iowa Ct. App. 2021).  Senate File 589 took effect July 1, 2019.  *See Greenup*, 966 N.W.2d at 296 n.4.  However, Kehoe advances statutory and constitutional arguments for why Senate File 589 does not apply to her and she may use the *Allison* framework to relate her current PCR application back to her timely first PCR application.

We need not decide whether the 2019 amendment applies to this action. Instead, we will assume without deciding that it does not and thus also assume

that *Allison*'s relation-back framework applies to this case. Even with that assumption, under *Allison*, Kehoe's current PCR application must be "filed promptly after the conclusion of the first PCR action" in order to overcome the statute of limitations. *Allison*, 914 N.W.2d at 891. "As we have previously noted, 'promptly' means 'in a prompt manner; at once; immediately, quickly.'" *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *3 (Iowa Ct. App. Sep. 2, 2020) (quoting *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 n.6 (Iowa Ct. App. Feb. 20, 2019)). We evaluate promptness under *Allison* by examining the time between the issuance of procedendo on the first PCR action and the filing of the successive PCR action. *Id.* Procedendo issued on Kehoe's first PCR action on January 18, 2020, and Kehoe filed the current PCR application on May 5, a delay of 108 days.

We previously found a successive PCR application filed 121 days after procedendo issued on the first PCR action was not filed promptly. *Id.*; *see also id.* at *2 (collecting cases). In doing so, we noted that the supreme court found *Allison*'s successive PCR application was filed promptly on November 5, 2015, fifty-six days after this court issued the opinion affirming the denial of *Allison*'s first PCR action on September 10. *Id.* at *2 (citing *Allison*, 914 N.W.2d at 869); *see also Allison v. State*, No. 14-0925, 2015 WL 5278968, at *2 (Iowa Ct. App. Sept. 10, 2015) (affirming the denial of Allison's first PCR action).[1] We also noted:

---

[1] The conclusion in *Maddox* that *Allison* involved a fifty-six day delay is actually generous, as it measured from the filing of our court's opinion affirming the denial of *Allison*'s first PCR action rather than the date of procedendo. *See* 2020 WL 5230367 at *2–3. A review of our court's filing system shows that procedendo on *Allison*'s first PCR action issued October 21, 2015. *See* Iowa R. Evid. 5.201(b)(2) (permitting judicial notice of facts that "[c]an be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also State v. Washington*, 832 N.W.2d 650, 655 (Iowa 2013) (holding that judicial notice

many common filing deadlines are substantially shorter than 121 days, including those related to appeals from final orders in Iowa district courts, *see* Iowa R. App. P. 6.101(1)(b) (thirty days), and petitions to the United States Supreme Court for a writ of certiorari, *see* U.S. Sup. Ct. R. 13(1) (ninety days).

*Maddox*, 2020 WL 5230367, at *3.

While Kehoe's 108-day gap between conclusion of her first PCR action and filing of her successive PCR application is shorter than the 121-day gap in *Maddox*, the same principles apply. One hundred eight days is still longer than many common filing deadlines, and Kehoe's 108-day delay is significantly longer than the fifteen-day delay[2] in Allison's "filed promptly" successive PCR application. *See Allison*, 914 N.W.2d at 891. Kehoe advances no compelling argument for why her successive PCR application was filed promptly, asserting only "[t]here is no real question" her successive PCR application was filed promptly "a few months" after conclusion of her first PCR action.[3] But "a few months" is not "prompt," and Kehoe

---

permitted by rule 5.201 may be taken on appeal); *Luman v. Luman*, No. 17-0223, 2018 WL 1099198, at *1 n.1 (Iowa Ct. App. Feb. 21, 2018) (acknowledging our court's authority to take judicial notice of filing information contained in our court filing systems, as such information constitutes adjudicative facts whose accuracy cannot be reasonably questioned). As Allison filed his second PCR application on November 5, 2015, *see Allison*, 914 N.W.2d at 869, *Allison* involved only a fifteen-day delay between procedendo issuing on the first PCR action and the filing of the second PCR application.

[2] *See* footnote 1.

[3] In her reply brief, Kehoe asserts the State did not seek summary disposition on the basis that her successive PCR application was not filed promptly, so the State's argument is not preserved for our review. However, the amended statute of limitations was a topic during the PCR hearing, and the district court—acting before our decision in *Maddox*—found Kehoe's successive PCR application would have been filed promptly under *Allison*. Because the district court considered and ruled on the filed-promptly issue, it is preserved for our review. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))).

is not permitted to wait "a few months" before filing her successive PCR application under *Allison*.

Even if we apply the relation-back framework under *Allison* to Kehoe's successive PCR application, Kehoe's PCR application was not filed promptly after the conclusion of her first PCR action. Therefore, we affirm summary disposition of the application.

**AFFIRMED.**